IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN R. LILLEY, JR., | ) |
| | ) |
| Plaintiff | ) Case No. 1:21-CV-285 |
| | ) |
| v. | ) |
| | ) |
| ERIE CLERK'S OFFICE, et al, | ) SUSAN PARADISE BAXTER |
| | ) UNITED STATES DISTRICT JUDGE |
| | ) |
| Defendants | ) |

**MEMORANDUM OPINION**

**I. Plaintiff's Motion for Leave to Proceed in forma pauperis**

Plaintiff John Lilley filed a motion seeking leave to proceed in forma pauperis [ECF No. 1] along with a proposed original complaint on October 13, 2021. Based on Plaintiff's averments in the motion, it appears that he is without sufficient funds to pay the filing and administrative fees associated with this case. Accordingly, Plaintiff's motion for leave to proceed in forma pauperis will be granted.

**II. Standard of Review**

Because Plaintiff is seeking redress "from a governmental entity or officer or employee of a governmental entity," his pleadings are subject to the screening provisions in 28 U.S.C. § 1915A. In pertinent part, § 1915A provides that a court "shall . . . dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(2). In performing this mandatory screening function, a district court applies the same standard applied to motions to dismiss under

1

Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Banks v. County of Allegheny*, 568 F.Supp.2d 579, 587-89 (W.D. Pa. 2008).

### III. Review of Plaintiff's Filings

Plaintiff, a pro se litigant, filed this action on October 13, 2021.[1] In his original complaint, lodged with the pending motion for leave to proceed in forma pauperis, Plaintiff named EPD, ECP, Erie County Courthouse, and Erie Clerk's Office as Defendants. To the extent any allegations were provided, they read as follows:

> The S.O.R.N.A. and S.O.A.B sentence from Judge Michael Dunlavey 4/27/2004. False arrest false imprisonment the discharge court leave of Daniel Brabender Jr. The Megan Law 4/10/2018 false arrest Register tolling false imprisonment extension 6/9/2019 to 12/29/21.

ECF No. 1-1, page 3.

In the relief section of the form complaint, Plaintiff states:

> Erie clerk's office custodial tolling insurance 110 offers civil complaint relief under civil procedure No. 1-89 $ request $ 36,000,000,000,000[.]

*Id*.

On December 22, 2021, Plaintiff filed a one-page document styled as "Amended Complaint" which reads in its entirety:

> I accuse Chief Judge of Erie Clerk's Office for imprisonment of the years of 2003, 2016, 2018, and Megan's Law registration requirement for a lifetime term and a ten year term from 2003 to 2021. Demand against all defendants pain, suffer, torture, punitive, malicious, frivolous, futility, oblivion. Demand $285,001,346,148,203,120,000,000.

---

[1] Plaintiff is a frequent filer in this Court having filed more than twenty cases in the last seven months. All of the filings in Plaintiff's other cases suffer from deficiencies similar to those detailed herein. Mr. Lilley is the subject of a Vexatious Litigant Order in Civil Action Number 1:22-cv-1. This case was filed prior to the entry of the Vexatious Litigant Order.

2

*See* ECF No. 6. As is appropriate when a plaintiff files an amended complaint[2], the Clerk of Courts terminated the original Defendants from the docket and added "Chief Judge of Erie Clerk's Office" as the sole Defendant to this action.

On December 27, 2021, Plaintiff submitted a two-page document for filing to the Clerk's Office. There is no caption and no title on this document, but it reads:

> I accuse Mark Hornak and Erie County Courthouse Court of Common Pleas for imprisonment of the years 2003, 2016, 2015, 2019, 2017, and Megan's Law registration requirement for a lifetime term and a ten year term from 2003 to 2021. Demand against all Defendants pain, suffering, torture, punitive malicious frivolous, futility, oblivion. Demand $285,001,346,148,203,120,000,000,000 and a malicious tolling tort from imprisonment of court after a sentencing hearing verdict b Stephanie Dimitrovich discharge the Megan's Law hotline illegally explained to me that the reporting time for requirement of registration has been extended due to prior and current incarcerations time periods. This also was tortorious malicious and frivolous to oblivion. Court demand. $285,001,346,148,203,120,000,000,000

ECF No. 7.

## IV. Discussion

Because he is seeking monetary damages for an alleged violation of his constitutional rights, Plaintiff's claims arise pursuant to 42 U.S.C. § 1983. To state such a claim, Plaintiff must allege: "(1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Schneyder v. Smith*, 653 F.3d 313, 319 (3d Cir. 2011) (internal citation omitted).

---

[2] An amended complaint "is a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed." *Williams v. Ferdarko*, 2018 WL 3653272, at *1 n.1 (W.D. Pa. Aug. 1, 2018). Even if Plaintiff's statements are construed together as allegations across all his filings in this case, Plaintiff fails to state a claim upon which relief can be granted.

In his Amended Complaint, Plaintiff has failed to identify any viable Defendant. There is no caption on the Amended Complaint, but within the body Plaintiff names "Chief Judge of Erie Clerk's Office." ECF No. 6. There is no such individual or position. In his filing at ECF No. 7, this Court assumes that Plaintiff is attempting to state a claim against the Honorable Mark R. Hornak, Chief Judge of the U.S. District Court for the Western District of Pennsylvania.

"It is a well-settled principle of law that judges are generally immune from a suit for money damages." *Figueroa v. Blackburn*, 208 F.3d 435, 440 (3d Cir. 2000). Judicial immunity is an "immunity from suit, not just from an ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Judicial officers are immune from damage suits arising out of their official duties. *Stump v. Sparkman*, 435 U.S. 349 (1978). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of authority...." *Id*. at 356. *See also Seigert v. Gilley*, 500 U.S. 226, 231 (1991) ("One of the purposes of immunity, absolute or qualified, is to spare a defendant not only unwarranted liability, but unwarranted demands customarily imposed upon those defending a long drawn out lawsuit."); *In Re Montgomery County*, 215 F.3d 367, 373 (3d Cir. 2000) ("Absolute immunity creates not only protection from liability, but also a right not to stand trial.").

Plaintiff has not made any factual allegation that any act by Judge Hornak was either non-judicial in nature or taken outside of his jurisdiction. *VanTassel v. Lawrence County Domestic Relations Section*, 659 F.Supp.2d 672, 695 (W.D. Pa. 2009) (judicial immunity can only be overcome if the judge's actions are "nonjudicial in nature, or where such actions, while judicial in nature, are taken in the complete absence of all jurisdiction."). Accordingly, Judge Hornak is entitled to judicial immunity and Plaintiff's case will be dismissed because it fails to state a claim.

To the extent that Plaintiff is alleging a claim against Court of Common Pleas Judge Stephanie Domitrovich, the same analysis applies. Furthermore, Plaintiff cannot sue the Court of Common Pleas as such is not a person and cannot be sued under § 1983. *See, e.g., Patterson v. Pa. Liquor Control Bd.*, 915 F.3d 945, 956 n.2 (3d Cir. 2019) ("[A] State, including an entity that is an arm of the state, is not a 'person' under 42 U.S.C. § 1983, and therefore cannot be sued for damages under the statute.").

Generally, if a civil rights complaint is vulnerable to dismissal for failure to state a claim, the Court should permit a curative amendment. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103 (32d Cir. 2002). However, the court "need not provide endless opportunities for amendment, especially where such opportunity already has been enjoyed." *Baker v. Moon Area Sch. Dist.,* 2018 WL 40571719, at *8 (W.D. Pa. Aug. 27, 2018) *quoting Taylor v. Pilewski*, 2008 WL 4861446, at *3 (W.D. Pa. Nov. 7, 2008). Because the undersigned concludes, as a matter of law, that Plaintiff cannot establish a constitutional or statutory violation based on any of the factual statements in any of his filings in this case, leave to amend is futile.

An appropriate Order follows this Memorandum Opinion.